IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

CIVIL ACTION NO. 16-DV-00545-CG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

APPROXIMATELY $299,984.49 SEIZED
FROM A J.P. MORGAN CHASE ACCOUNT
ENDING IN THE NUMBER 0350 HELD
BY AN INDIVIDUAL IDENTIFIED AS L.G.;

    Defendant, and

LINLIN GUO,

    Claimant.
_____/

## **ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE *IN REM***

Claimant, LINLIN GUO, through undersigned counsel and pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture, files this Answer to Plaintiff's Verified Complaint for Civil Forfeiture *In Rem* and in support thereof states:

## **ANSWER**

1. Paragraph 1 accurately states the nature of the instant action and is, therefore, admitted.

2. Paragraph 2 is admitted as far as it accurately identified as "Approximately

$299,984.49 seized from a J.P. Morgan Chase Account Ending in the Number 0350 held by an individual identified as L.G."

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent that the court requires a response, Claimant denies that this court has jurisdiction over this action in order to preserve all appropriate defenses.

4. Paragraph 4 is a legal conclusion to which no response is required. To the extent that the court requires a response, Claimant denies committing any acts or omissions giving rise to forfeiture in this district or that the defendant can be found in this district and, therefore, denies that venue is proper in this district.

5. Regarding paragraphs 5, Claimant admits that the funds identified in Paragraph 2 (4) of the Complaint were seized by Plaintiff. However, Claimant is without knowledge of the current status of these funds.

6. Paragraph 6 is admitted but Claimant denies that probable cause supported the Magistrate Judge's authorization.

7. Paragraph 7 is a request by Plaintiff to which no response is required. To the extent that a response is required, Claimant objects to Plaintiff's request.

8. With respect to paragraphs 8 through 38 of the Complaint, Claimant is at this time without sufficient knowledge to form a belief as to the truth of these allegations and therefore denies all of these allegations.

9. Paragraphs 39 through 43 are Plaintiff's "Claim for Relief" containing legal conclusions to which no response is required. The extent that these paragraphs make

allegations of fact concerning Claimant or the defendant property, those allegations are denied.

10. Claimant denies all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

11. The Court lacks subject matter and personal jurisdiction.

12. Venue is improper in this Court.

13. The complaint fails to state claims upon which relief may be granted.

14. Claimant was at all times an "innocent owner" pursuant to 18 USC § 983(d).

15. No substantial connection between the defendant property and an offense exists as required by 18 USC § 983(c)(3).

16. Defendant property does not constitute proceeds of unlawful activity and therefore, is not subject to forfeiture.

17. The Complaint, contrary to the requirements of Supplemental Rule G, does not "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

18. The claim is barred by the doctrine of estoppel.

19. There is no probable cause to believe that the Defendant Property was used, maintained or intended to be used or maintained, to commit or to facilitate the commission of any violation of federal law as alleged in the Complaint.

20. The Plaintiff's claim is barred by the prohibition against excessive fines as guaranteed by the Eighth Amendment of the United States Constitution.

21. The Plaintiff's claim is barred by the statute of limitations

22. The defendant property is not subject to seizure and forfeiture.

23. Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as warranted by discovery.

## DEMAND FOR JURY TRIAL

Claimant requests a trial by jury of all issues so triable.

**WHEREFORE**, Claimant respectfully requests judgment as follows:

1. That Plaintiff's Complaint be dismissed, with prejudice, and without costs;

2. For Claimant's reasonable attorney's fees and costs incurred herein;

3. For such other and further relief the Court deems just and proper.

Respectfully submitted,

ROSS AMSEL RABEN NASCIMENTO PLLC
Attorneys at Law
2250 S.W. 3rd Avenue, 4th Floor
Miami, Florida 33129-2095
t. 305-858-9550
e. bobamsel@crimlawfirm.com

BY: *ROBERT G. AMSEL*
    ROBERT G. AMSEL
    FLA. BAR NO. 349690

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed in the ECF system, and that a copy of the foregoing be submitted to all parties of record on this 3rd day of January, 2016.

ROSS AMSEL RABEN NASCIMENTO PLLC

BY: *ROBERT G. AMSEL*
    ROBERT G. AMSEL