**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 16-00545-KD-N** |
| | ) | |
| **APPROXIMATELY $299,873.70 SEIZED** | ) | |
| **FROM A BANK OF AMERICA** | ) | |
| **ACCOUNT, *et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This civil forfeiture *in rem* action, brought pursuant to 18 U.S.C. § 981(a)(1)(A),[1] is now

before the Court on the United States' motion for Clerk's default with respect to Defendant

$191,260.60 seized from a Bank of America Account in the name of Lixin Zhao, the answer and

verified claim filed by Claimant Zhao, the Court's order to show cause why the motion for

Clerk's default was not moot, the United States' response, and the Claimant's response (docs.

144, 145, 147, 148, 150 and 156).

Previously, the Court ordered the United States to show cause why the Motion for

Clerk's Default was not rendered moot by Claimant's filing a claim and answer (doc. 148).  In

response, the United States moved to strike Claimant's claim and answer on basis that they were

not filed within the strict time frame in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule

G(5)(a)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

---

[1] The statute provides for civil forfeiture of real or personal property, and any property
traceable to such property, involved in a transaction or attempted transaction in violation of 18
U.S.C. § 1956, which prohibits the laundering of monetary instruments.

Forfeiture. Specifically, the United States asserts that Claimant's claim and answer were untimely by twenty months, and therefore, Claimant lacks statutory standing to claim the Defendant funds. [2]

The United States argues that although the Court has discretion to extend the filing period, in this circumstance the Court should insist on strict compliance with the time frame. The United States points out that direct notice was served on Claimant on November 9, 2016 (doc. 39). The notice advised Claimant that the claim must be filed within thirty-five days,[3] making it due December 14, 2016, and that the answer was due twenty-one days after the claim. The answer and claim were filed on August 14, 2018 (doc. 145, 147).

In response to the United States, Claimant argues that the delay in filing was the fault of counsel who mistakenly believed that a claim and answer had been filed. Claimant argues that the Court has discretion to allow the late claim and answer when the failure is the result of counsel's oversight and that he should not lose his opportunity to claim the Defendant funds because of this procedural and technical error on the part of counsel.

Supplemental Rule G(5)(a)(ii), in relevant part, states that "unless the court for good cause, sets a different time, the claim must be filed: (A) by the time period stated in a direct notice sent under Rule G(4)(b) ("Notice to Known Potential Claimants"). Thus, the Court has discretion to allow a late claim and answer upon finding that good cause has been shown. In *United States v. $125,938.62*, 370 F. 3d 1325 (11th Cir. 2004), the Eleventh Circuit explained that generally "[f]orfeiture is a harsh penalty especially when the outcome is forced because of

---

[2] The United States does not challenge the sufficiency of the claim and answer. Also, the United States does not dispute that Claimant has Article III standing, an ownership interest in the Defendant funds, which were arrested on February 10, 2017 (doc. 93).

[3] *See* 18 U.S.C. § 983(a)(2)(B) (explaining the deadlines set forth in direct notice)

technical or procedural errors" and that amendments to claims should be liberally allowed if that would not undermine the goals of the time restrictions in the Supplemental Rules.  The goals are to 1) provide the United States with timely notice that the civil forfeiture will be contested, 2) deter the filing of false claims, and 3) encourage claimants to state their interests as soon as possible in order to resolve the dispute without delay. 370 F. 3d at 1328.  In deciding whether these goals would be thwarted by allowing the late claim, the Eleventh Circuit identified eight factors the district courts may consider.

The Court may look to "the time the claimant became aware of the seizure[.]" 370 F. 3d at 1329 (citation omitted).  The seizure or arrest of the Defendant funds occurred on February 10, 2017. The process receipt and return was filed that same day and notice was sent to Claimant's counsel by way of the CM-ECF (doc. 93).  Additionally, direct notice that the complaint had been filed was served November 9, 2016, on Claimant's counsel (doc. 39).  Claimant had sufficient time to file a claim and answer.  Thus, this factor weighs in favor of the United States' position that the late claim and answer should not be allowed.

The Court may consider "whether the Government encouraged the delay[.]" 370 F. 3d at 1329 (citation omitted). The United States argues that it did not encourage delay, but instead specifically set out the time frame to file a claim and answer in the direct notice to Claimant. The Claimant does not argue that the United States encouraged the delay in any manner.  Thus, this factor weighs in favor of the United States' position.

The Court may consider "the reasons proffered for the delay[.]"370 F. 3d at 1329 (citation omitted).   In that regard, the United States points out that the Claimant did not seek leave to file out of time, and therefore, he did not proffer any reasons for delay or good cause. However, in the response, the Claimant argues that injustice would result if he lost his

opportunity to claim his funds because of Counsel's technical and procedural error, especially since the prejudice to the United States is slight, if at all.

In *United States v. $125,938.62*, the Eleventh Circuit explained that the "district court should be wary to not confer the sins of the attorney unto the claimant in a civil forfeiture case, especially when the prejudice to the government, if any, is slight." 370 F. 3d at 1329.  Balancing the interests of the parties, the Court finds that this factor weighs in favor of the Claimant.  A substantial injustice to the Claimant may result if he is not allowed an opportunity to claim the Defendant funds.  However, the prejudice to the United States is slight since it knew - before the complaint was filed – that Claimant was identified as the owner of the Defendant funds.   The United States included the Defendant funds in the complaint and gave the Claimant direct notice, as a known potential claimant. Additionally, the United States was aware of counsel's representation of the Claimant.  The notice of appearance was filed on February 10, 2017 and counsel participated in the action, including the report of parties' planning meeting.

The Court may consider "whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline[.]" 370 F. 3d at 1329. The Claimant set out the contact between his counsel and the United States, which started in June 2016.  Thus, the Claimant informed the United States of his interest in the Defendant funds before the complaint was filed in October 2016.  The United States points to a statement that "it is unknown whether L.Z., represented by Richard E. Shields, will file a claim to the forfeiture of the seized $191,260.60" (found in the joint motion for extension of time to file the report of parties' planning meeting) as support for the premise that the United States only knew of a "potential" claim.   The joint motion was filed on January 30, 2017.  However, the next week counsel filed a notice of appearance and then continued to participate in the litigation, including the report of parties'

planning meeting.  Although many months passed before the claim was actually filed – including the eleven-month time period during which the action was stayed – the United States was aware before the claim deadline.  Therefore, this factor weighs in favor of the Claimant.

The Court may consider "whether the Government would be prejudiced by allowing the late filing[.]" 370 F. 3d at 1329.  The United States argues that it is prejudiced because Claimant's failure to timely file his claim has increased the length and cost of the litigation of his claim.  The Claimant argues that the United States has not been prejudiced.  He points out that there are seventeen other Defendant funds to be litigated and the United States has not shown that proceeding on his claim would actually increase the length or cost of litigation.

The Claimant correctly points out that there are other Defendants funds to be litigated. Specifically, there are eleven other Claimants whose claims must be addressed and six Defendant funds that appear subject to default (the Clerk has entered default as to one).  Discovery ends November 9, 2018 and dispositive motions are due November 30, 2018.  The final pretrial conference is set for March 2019.  Thus, addressing the Claimant's claim and answer will not increase the length and cost of this litigation to the point of prejudice to the United States. Therefore, this factor weighs in favor of the Claimant.

The Court may consider "the sufficiency of the answer in meeting the basic requirements of a verified claim[.]" 370 F. 3d at 1329.  The United States did not challenge the sufficiency of the claim or the answer.   Therefore, this factor weighs in favor of the Claimant.

The Court may consider "whether the claimant timely petitioned for an enlargement of time[.]" 370 F. 3d at 1329.   As the United States points out, the Claimant did not move the Court for an enlargement of time, but instead filed the late claim and answer without permission. This factor weighs in favor of the United States.  Arguably, the more appropriate procedure may have

been to first seek the Court's permission for leave to file beyond the deadline and set out good cause why the claim and answer were late.

The Court may consider "the amount seized" when "evaluating the above factors[.]" 370 F. 3d at 1329.  The amount, $191,260.60, is substantial to the individual Claimant. But as the Claimant points out, it is a small part ".044% of the total seized" from the eighteen Defendant funds which total approximately $4.3 million. A substantial injustice to the Claimant may occur if he is denied the opportunity to claim the Defendant funds because of counsel's mistake. *See United States v. $125,938.62*, 370 F.3d at 1330 (finding the amount at issue – approximately $800,000 claimed by eight deposit holders – was substantial and that "a substantial injustice would result to the seven putative claimants if they are not allowed to perfect their claim.") Therefore, this factor weighs in favor of the Claimant.

Consideration of the above factors, and balancing the interests of the parties, the Court finds that injustice would result if the Claimant was not allowed the opportunity to claim the Defendant funds.  Accordingly, good cause having been shown, the Claimant's late claim and answer are allowed as timely filed and the United States' motion for Clerk's default is MOOT. Additionally, the United States' alternative motion for judgment on the pleadings in its favor as provided in Supplemental Rule G(8)(c)(ii)(B) is MOOT.

**DONE** and **ORDERED** this 11th day of October 2018.

 **s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**