# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 16-00545-KD-N |
| ) | |
| APPROXIMATELY $299,873.70 seized ) | |
| from a Bank of America Account, ending ) | |
| in the number 5538 held by an individual ) | |
| identified as P.Q., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Motion to Dismiss and Amended Motion to Dismiss filed by Ze Dai, Linlin Guo, Xindong Zhang and Jiandong Wang (docs. 232, 244), Ling Shao's Adopted Motion to Dismiss (doc. 248), the United States responses to the Motions (docs. 246, 253), and the Claimants' replies (doc. 255, 256). Upon consideration, and for the reasons set forth herein, the Motion to Dismiss is DENIED.

Claimants argue that in the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983 (CAFRA), Congress has provided the right to present an innocent owner defense in civil forfeiture proceedings. Claimants argue that by not allowing their entry to the United States to appear at trial and present an innocent owner defense, the United States has denied them the opportunity to be heard and violated their Fifth Amendment right to due process of law. Claimants argue that since this constitutional right has been violated, the forfeiture complaint as to them, should be dismissed.

The United States first argues that these Claimants do not have a constitutional right to enter the United States for any reason, including trial in this action. The United States next argues that under the facts of this case, Claimants may not be entitled to due process under the United States Constitution.

The United States also argues that assuming for purposes of this argument, that these Claimants have a right to due process, their absence from trial does not deprive them of the opportunity to be heard. Specifically, the United States points out that the Claimants' counsel may cross-examine the United States' witnesses, present evidence, and raise any appropriate arguments on behalf of the Claimants.

Assuming for purposes of this action, that these Claimants have a due process right to notice and an opportunity to be heard, i.e., present their innocent owner defense, there is no absolute right to appear at trial in order to be heard. Arguably, Claimants could present their evidence by other methods, such as deposition testimony, affidavits, or testifying via video conferencing. But, in spite of knowing for at least two months that the Claimants were denied visas, it does not appear the Claimants have sought other means to present their testimony. Additionally, the Claimants have retained counsel to present their claim, their innocent owner defense and cross examine the witnesses. Accordingly, the court finds that Claimants have been afforded a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotation and citation omitted).

Moreover, "[n]either the Fifth Amendment's due process clause nor the Seventh Amendment's guarantee of a jury trial grants to a civil litigant the absolute right to be present personally during the trial of his case." Helminski v. Ayerst Labs., 766 F.2d 208, 213 (6th Cir. 1985). Generally, "a civil litigant's right to be present at trial is appropriately analyzed under the due

process clause of the Fifth Amendment. Consistent with due process the right to be present may be sufficiently protected in the party's absence so long as the litigant is represented by counsel." Id. Accordingly, the Motion to Dismiss is DENIED.

DONE and ORDERED this the 14th day of October 2019.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE