# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 16-00545-KD-N |
| ) | |
| APPROXIMATELY $299,873.70, SEIZED ) | |
| FROM BANK OF AMERICA ACCOUNT, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6) filed by Claimant Weidong Wang, the United States' Response, Wang's Reply and exhibits, the United States' Motion to Strike the Reply, and Wang's Response (docs. 271, 278, 284, 285, 286, 289). Upon consideration, and for the reasons set forth herein, the Motion to Set Aside Default Judgment is DENIED.

I. <u>Procedural History</u>

On October 28, 2016, the United States filed its Verified Complaint for Forfeiture *in Rem* against Defendant funds in eighteen separate bank accounts. (Doc. 1). The Defendant funds held by Weidon Wang, approximately $299,985.00, were in JP Morgan Chase account ending in 6781. The funds was seized on June 2, 2016 (doc. 98, p. 6, Notice of Forfeiture Action).

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a Notice of Forfeiture Action and copy of the Verified Complaint was mailed to "Weidong Wang, JiaShi Lan An 3-2-102, Huai Bei Rd, Yuhua District, Shi Jia

Zhang 050000, China" via FedEx on December 30, 2016. (Doc. 53; Doc. 168, Declaration ¶¶ 2 & 4).   The Notice was delivered to the address set forth above and was signed for by "L. Lijing" on January 3, 2017 at 12:59 pm. (Doc. 72; Doc. 278-1, pp. 1-2). The Notice set out the deadline by which Wang must file a claim on the Defendant fund. Specifically, any Claim had to be filed with the Clerk of the United States District Court, Southern District of Alabama (with copy to the United States Attorney's Office), by February 3, 2017.  The Notice also stated that Wang must file an Answer to the Verified Complaint within 21 days of filing the Claim. (Doc. 53).

In addition to sending the Notice and Verified Complaint by FedEx, notice was also published in accordance with Rule G(4)(a)(i) and (iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for a period of 30 days from January 5, 2017 through February 3, 2017. (Doc. 98; Doc. 168, Declaration ¶ 7).  The notice stated that any claimant had must file a verified claim with the United States District Court for the Southern District of Alabama within 60 days from the first day of publication, or March 6, 2017 (Id.).

Wang did not file a Claim or Answer the Verified Complaint and failed to otherwise defend against this civil forfeiture action.  On November 6, 2018, the United States moved for Entry of Clerk's Default against Wang. (Doc. 168).  The Motion for Clerk's Default was mailed to "Weidong Wang, JiaShi Lan An 3-2-102, Huai Bei Rd, Yuhua District, Shi Jia Zhang 050000, China" via FedEx.  The Motion for Clerk's Default was delivered on November 9, 2018, at 5:50 pm and the recipient signed as "Wang Weidong." (Doc. 278-1, pp. 3-4).

A Clerk's Entry of Default was entered on November 7, 2018. (Doc. 169). The United States then moved for Default Judgment of Forfeiture against the Defendant Funds on November 13, 2018. (Doc. 170). A copy of the Motion for Default Judgment was sent to "Weidong Wang, JiaShi Lan An 3-2-102, Huai Bei Rd, Yuhua District, Shi Jia Zhang 050000, China" via FedEx

on November 13, 2018. The Motion for Default Judgment was delivered to Wang's address on November 19, 2018, at 12:48 pm and the recipient signed as "Q. Qi." (Doc. 278-1, pp. 7-8). The Court entered a Default Judgment of Forfeiture on November 19, 2018. (Doc. 172).

Wang did not file a response to the Notice of Forfeiture Action, the Motion for Clerk's Default, or the Motion for Default Judgment. The first pleading filed by Wang was the present Motion to Set Aside Default Judgment, which was filed on November 19, 2019. (Doc. 271).

II. Analysis

Claimant Wang contends that pursuant to Fed. R. Civ. P. 60(b)(1) and (6), the Court should set aside the default judgment entered against him and the Defendant funds; $299,985.00 seized from his bank account. To set aside a default judgment pursuant to Rule 60(b)(1) for mistake, inadvertence, or excusable neglect, a defaulting Wang must show that: 1) He had a meritorious defense; 2) Granting the motion would not result in prejudice to the non-defaulting party; and 3) A good reason existed for failing to respond to the notice of forfeiture. In re: Worldwide Web Systems, Inc., 328 F. 3d 1291, 1295 (11th Cir. 2003).

Rule 60(b)(6) allows for a default to be set aside for "any other reason that justifies relief". "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." United States v. Two Thousand Three Dollars In U.S. Currency, 2014 WL 129044, at *3 (M.D. Ala. Jan. 14, 2014) (citation omitted). "Rule 60(b)(1) and (b)(6) are mutually exclusive, meaning that a court cannot grant relief under (b)(6) for any reason that the court could consider under (b)(1)." Id.

Wang alleges that while notice of the seizure of the $299,985.00 was received by an adult in his household on January 3, 2017, he never personally received the notice. Wang also

contends that he was disadvantaged because he cannot read English and he is unfamiliar with the legal system of the United States.

Wang contends that he first discovered the litigation in November 2018[1] and that it took him a year to translate the information, discover the prior notices and hire an attorney. However, the Court doubts the veracity of this assertion. The Court does not believe that it is coincidental that Wang waited until after the forfeiture trial, wherein some claimants successfully recovered money seized, to attempt to claim the seized funds.

Moreover, Wang's money was seized from his bank account in June 2016, yet Wang waited over three years before making a formal attempt to recover the money. It is implausible that Wang was unaware for three years that $299,985.00 had been seized from his bank account. The Court does not find that a good reason exists for failing to respond to the notice of forfeiture in a timely manner.

The United States spent considerable resources to prepare and try the forfeiture case. It would be extremely prejudicial to the United States to have to marshal the resources again to allow Wang's claim of innocent ownership to go forward when Wang was aware of the litigation at least eleven months before the trial. Wang has given no legitimate reason why he waited until exactly one year from the notice of default judgment (other than the obvious time limitation contained in the rule) to respond to the forfeiture action.

In sum, Wang's stated reasons do not provide a basis for this Court to find excusable neglect because granting the motion to set aside would prejudice the United States and he has

---

[1] In his affidavit, Wang states that his wife was served with a letter in November or December 2018. She had the letter translated. Based upon the content, the translator explained that there should have been two prior letters. Wang and his wife asked the nanny and she gave them the two unopened letters. In early 2019, Wang and his wife then had those letters translated and began to take action regarding the funds (doc. 285-1, p. 4).

failed to provide a plausible reason why it took him a year to respond after he became aware of the litigation. Thus, Wang's Rule 60(b)(1) motion is denied. Wang did not provide any grounds separate from those supporting his Rule 60(b)(1) "excusable neglect" argument in support of his Rule 60(b)(6) motion. The Court finds no other reason justifies setting aside the default. Thus, Wang's Rule 60(b)(6) motion is also denied.

III. Conclusion

Upon consideration of the foregoing, the Motion to Set Aside Default is DENIED.

**DONE** and **ORDERED** this 30th day of January 2020.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**